**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-292-WJM

UNITED STATES OF AMERICA

     Plaintiff,

v.

**2. AZUSENA MARIBEL SIERRA,**

     Defendant.

---

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821**

---

This matter is before the Court on Defendant Azusena Maribel Sierra's *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines ("Motion") (ECF No. 874). The Government filed a response (ECF No. 883). Sierra did not file a reply. For the following reasons, the Motion is denied.

## I.     BACKGROUND

On May 17, 2023, the Court sentenced Sierra to 288 months in prison after she pleaded guilty to one count of Conspiracy to Distribute and Possess with the Intent to Distribute One Kilogram and More of a Mixture Substance Containing a Detectable Amount of Heroin and one count of Conspiracy to Commit Money Laundering. (ECF No. 874 at 2; ECF No. 763.) The Court adopted Sierra's presentence investigation report ("PIR") without change. (ECF No. 883 at 4; ECF No. 764 at 1.) In the PIR, Sierra

was assessed a criminal history score of one.  (ECF No. 874 at 3; ECF No. 883 at 1, 4; ECF No. 735 at 21–23.)

Sierra has been in custody since September 30, 2020.  (ECF No. 735 at 1.)  She states that, since she has been in prison, she has obtained employment working "for trust funds in laundry at the Dublin facility" and is on the waiting list for her GED and other programs.  (ECF No. 874 at 3.)  Sierra's current projected release date is February 1, 2041.  (*Id.*)  In the Motion, she seeks a reduction in her sentence based on Amendment 821 to the Federal Sentencing Guidelines ("U.S.S.G.").  (*Id.* at 1.) Specifically, she requests a reduction based on (1) adjustments for zero-point offenders, U.S.S.G. § 4C1.1, and (2) the assessment of "status points" for offenders who were under a criminal justice sentence at the time of the instant offense, U.S.S.G. § 4A1.1(d), (e).  (*Id.* at 1.)

## II.   ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(2), a court may modify the sentence

> of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant or the Director of the Bureau of Prisons ["BOP"], or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In relevant part, U.S.S.G. § 1B1.10 directs that a defendant is not entitled to a sentence reduction under § 3582(c)(2)—*i.e.,* a reduction is *not* consistent with applicable policy statements issued by the Sentencing Commission—if a covered amendment "does not

have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2).

Previously, the Sentencing Guidelines mandated that two points (colloquially referred to as "status points") should be added to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  U.S.S.G. § 4A1.1(d) (2021 ed.).  Amendment 821, however, made it such that "status points" should only be assigned to defendants who are first assessed seven or more criminal history points under §§ 4A1.1(a)–(d).  U.S.S.G. § 4A1.1(d) (2023 ed.)  If a defendant meets the seven-point threshold, they should then be assessed just *one* "status point" if they were under a criminal justice sentence during any part of the instant offense.  U.S.S.G. § 4A1.1(e), cmt. 5.

Amendment 821 also incorporated an entirely new provision to the Sentencing Guidelines concerning adjustments for "zero-point offenders."  U.S.S.G. § 4C1.1 (2023 ed.).  That provision instructs that a court should "decrease the offense level determined under Chapters Two and Three" of the Sentencing Guidelines "by 2 levels" if a defendant satisfies each of ten criteria.  U.S.S.G. § 4C1.1(a).  One such criteria is that "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1).

Here, neither the changes to § 4A1.1 nor to § 4C1.1 authorize the Court to reduce Sierra's sentence.

Amended § 4A1.1 has no effect on the calculation of Sierra's sentence because she was not assessed any status points in the first instance.  (*See* ECF No. 735 at 21-

23.)  Most recently before her current sentence, Sierra was under a period of probation which terminated in 2014.  (*Id.* at 22.)  Thus, she was not under any criminal justice sentence at the time of her conviction, and the "status points" provision did not apply to her original sentencing.

By the same token, however, Sierra was assessed one criminal history point for this most recent prior offense.  (*Id.*)  As a result, she does not meet the criteria for a decrease in her offense level under § 4C1.1(a).  *See* § 4C1.1(a)(1) (defendant eligible for decrease in offense level if, among other criteria, "the defendant did not receive any criminal history points from Chapter Four, Part A").

For these reasons, neither provision as amended by Amendment 821 authorizes the Court to reduce her sentence.  Accordingly, her Motion is denied.

### III.    CONCLUSION

For the foregoing reasons, the Court DENIES the Motion.

Dated this 4th day of November, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge