IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-0292-WJM

UNITED STATES OF AMERICA

    Plaintiff,

v.

2. AZUSENA MARIBEL SIERRA,

    Defendant.

---

### ORDER DENYING 28 U.S.C. § 2255 MOTION

---

Before the Court is Defendant Azusena Maribel Sierra's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion"). (ECF No. 869.) The Government filed a response. (ECF No. 906.) For the following reasons, the Motion is denied.

In May 2023, the Court sentenced Sierra to 288 months in prison after she pleaded guilty to one count of conspiracy to distribute heroin and one count of conspiracy to commit money laundering. (ECF No. 874 at 2; ECF No. 763.) Sierra directly appealed, and the Tenth Circuit Court of Appeals dismissed the appeal pursuant to the waiver she signed in her plea agreement. (ECF No. 859 at 2.)

Sierra timely filed the Motion, seeking to vacate or reduce her sentence. (ECF No. 869.) In support, she contends that her trial counsel provided her with ineffective assistance by

- "refus[ing] to acknowledge facts in my discovery which could of led to me receiving less time";

- "forc[ing] [her] . . . to sign a plea";

- "mak[ing] promises [sic] that I would get no more than 20 years if I signed a plea";

- "forc[ing] . . . to give false statements regarding my character";

- "ma[king] me give statements to [the] FBI in which I stated I was not comfortable doing"; and

- generally failing to communicate.

(*Id.* at 4.)

To prevail on her ineffective assistance of counsel claim, Sierra must demonstrate that her defense counsel performed deficiently and that the performance prejudiced her. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In these circumstances, where Sierra pleaded guilty, she must also demonstrate that "'there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial.'" *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (citation and emphasis omitted); *accord United States v. Dominguez*, 998 F.3d 1094, 1111 (10th Cir. 2021).

Sierra's ineffective assistance claim is premised on little more than unsupported allegations and conclusory statements. Moreover, Sierra does not even suggest that she would have insisted on going to trial but for these alleged deficiencies. (*See generally* ECF No. 869.) Thus, her claim fails on this basis alone. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (explaining that, in the section 2255

context, courts "are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments"); *LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("[T]he burden of proof . . . on a § 2255 petition belongs to the petitioner."); *Quintana v. Mulheron*, 788 F. App'x 604, 609 (10th Cir. 2019) ("We have repeatedly held that conclusory allegations are insufficient to warrant habeas relief for ineffective assistance of counsel."); *Aguilar v. White*, 2024 WL 1928897, at *6 (May 2, 2024 10th Cir. 2024) (same).

It is also worth mentioning that Sierra's averments that her lawyer forced her to sign a plea deal and promised that she would get no more than 20 years are belied by the record. The plea agreement expressly disclaimed any suggestion that defense counsel's alleged promise motivated her to sign the agreement. (*See* ECF No. 350 at 9 ("Other than the promises of the government set out in the document entitled 'Plea Agreement,' no promises and no threats of any sort have been made to me by anyone to induce me or to persuade me to enter my plea(s) in this case."); *see also id.* ("No one has promised me that I will receive probation, home confinement or any other specific sentence desired by me because of my plea(s) of guilty.").) And Sierra was repeatedly warned that the statutory maximum for Count 1 was life imprisonment. (ECF No. 349 at 6.) Sierra confirmed she understood that a life sentence—which is obviously far longer than a 20-year sentence—was on the table. *See United States v. Weeks*, 653 F.3d 1188, 1205 (10th Cir. 2011) (a defendant's "[s]olemn declarations in open court carry a strong presumption of verity') (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Any suggestion to the contrary now, without supporting facts, is simply hard to believe. *See Weeks*, 653 F.3d at 1205 ("The subsequent presentation of conclusory allegations

3

unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

For these reasons, the Court denies the Motion. (ECF No. 869.)

Dated this 18th day of February, 2025.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge