**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Criminal Case No. 20-cr-292-WJM

UNITED STATES OF AMERICA

Plaintiff,

v.

**2. AZUSENA MARIBEL SIERRA,**

Defendant.

---

**ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION**

---

This matter is before the Court on Defendant Azusena Maribel Sierra's *pro se* Motion for Reduction of Sentence for Amended USSG §1B1.10 ("Motion") (ECF No. 997), which the Court construes as a motion for reconsideration of the November 4, 2024 order denying motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 ("Order") (ECF No. 970). The Government filed a response (ECF No. 1000). Sierra did not file a reply. For the following reasons, the Motion is denied.

As a preliminary matter, Sierra is proceeding *pro se* and is entitled to liberal construction of her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). With that said, the Court must not act as her advocate. *See United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019). In that vein, the Court construes the Motion as a motion to reconsider, even though it is styled as a motion for reduction of sentence.

“Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. A district court should have the opportunity to correct alleged errors in its dispositions.” *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (internal citations omitted). “Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.” *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Here, none of these grounds exist, so the Court will not reconsider its previous Order. In the Order, the Court denied Defendant’s prior Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines (ECF No. 874). Those provisions of the United States Code and the Sentencing Guidelines still control the outcome of this Motion. In the Motion, Sierra argues that the United States Sentencing Guidelines, specifically USSG §1B1.10, have been amended and call for a reduction of her sentence. (ECF No. 997 at 1.) But as the Government notes, “Amendment 821 is the only amendment that would have taken effect after her original sentencing in May of 2023.” (ECF No. 1000 at 2.)

So, there has been no intervening change in the controlling law that would authorize the Court to rule differently than it did in the Order. The provisions of the Sentencing Guidelines, as amended by Amendment 821, did not authorize the Court to reduce Sierra’s sentence then, and they do not authorize the Court to do so now. In other words, nothing in the controlling law has changed to allow for Sierra’s sentence to be reduced. “Absent extraordinary circumstances, not present here, the basis for the

second motion must not have been available at the time the first motion was filed." *Servants of the Paraclete*, 204 F.3d at 1012. Indeed, as the Tenth Circuit has explained, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

For the foregoing reasons, the Court DENIES the Motion (ECF No. 997) and DENIES the Motion for Status (ECF No. 1005) AS MOOT.

Dated this 24th day of September, 2026.

BY THE COURT:

______________________________
William J. Martínez
Senior United States District Judge